| In re: | Case No. 08-42624 |
|---|---|
| HARPAL KAUR GILL, | Chapter 13 Plan |
| Debtor(s). | |

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of **$100.00** each month for **60** months.
   Debtor(s) elect a voluntary wage order. Yes .

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:

   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (if specified |
|---|---|---|---|---|---|---|---|---|
| | X | America's Servicing Co. | $325,000.00 | $407,877.60 | N/A | Not Fixed | $ | 0% |
| | X | Contra Costa Tax Collector | $325,000.00 | $-0- | NONE | NONE | N/A | N/A |
| X | | HSBC Mortgage Services | $325,000.00 Value per appraisal. Claim is entirely unsecured | $100,904.20 | NONE | NONE: Per ¶7a claim is general unsecured debt | N/A | N/A |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. §1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **pro tanto**.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| America's Servicing Company - 1st Deed of Trust | $2,447.27 | | |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):

   a. The Debtor intends to treat HSBC Mortgage Services ("HSBC") as a general unsecured claim for which she has no personal liability and shall pay off the second deed of trust to HSBC as a general unsecured debt pursuant to paragraph 2(d) of this Chapter 13 plan on the basis that the value of the collateral securing said second mortgage is worth less than the amount owed on the liens on said property senior to the lien of HSBC. The Debtor reserves the right to object to any secured proof of claim filed by HSBC (or successor in interest) and/or to commence an adversary proceeding necessary to determine the nature, extent or validity of HSBC's lien and claim.

   b. Debtors surrender any interest she may have, if any, in the real property located at 5569 W. Minarets Avenue, Fresno, California, which was awarded to her ex-husband in their marital dissolution, and which is security for the debts owed to the following creditors:
   Countrywide Home Loans, P.O. Box 10423 Van Nuys, CA 91410-0423
   Citibank, P.O. Box 790110 MS 504A, St. Louis, MO 63179-0110
   Fresno County Tax Auditor Controller, Treasure-Tax Collector, P.O. Box 1247, Fresno, CA 93715

   c. In the event Debtor receives more than $24,893.81 as and for her claim for personal injury, any excess shall be paid into the Chapter 13 plan.

Dated: May 27, 2008      /s/ Harpal Kaur Gill
     HARPAL KAUR GILL, Debtor

I, Marlene G. Weinstein of the Law Office of Marlene G Weinstein, am legal counsel for the above named debtor(s), and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan, Rev. 10/17/2005, promulgated pursuant to B.L.R. 1007-1.

Dated: May 27, 2008      /s/ Marlene Gay Weinstein
     MARLENE G WEINSTEIN
     Attorney for Debtor